```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

WILLIAM SILVESTER,

        Plaintiff,

v.                                    Case No: 2:14-cv-105-FtM-29CM

AMERICAN    FAMILY    LIFE
ASSURANCE    COMPANY    OF
COLUMBUS,

        Defendant.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Motion to Dismiss Plaintiff's Complaint (Doc. #10) filed on March 13, 2014. Plaintiff filed a Response to Defendant's Motion to Dismiss (Doc. #17) on April 15, 2014.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime

Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

**II.**

Taking allegations as true, effective April 1, 2007, defendant American Family Life Assurance Company of Columbus (AFLAC) issued to plaintiff William Silvester (plaintiff or Silvester) a Short Term Disability Policy, Policy No. PL179478 (the Policy) (Do. #2-1, Exh. A). On or about March 29, 2013, plaintiff became disabled and entitled to benefits under the policy, but was allegedly wrongfully denied benefits pursuant to a letter dated October 31, 2013, denying benefits because of a lack of documentation. (Doc. #2-2, Exh. B.) In Count I, plaintiff seeks declaratory relief as to the parties' respective rights and obligations under the Policy. In Count II, plaintiff seeks damages as a direct result of defendant's breach by failing to provide coverage.

   **A. Count I – Declaratory Relief**

Defendant argues that Count I fails to state a claim because it does not identify a provision or definition of the Policy subject to interpretation or clarification. The Court agrees.

Count I generally seeks a declaration with regard to the Policy at issue, but fails to provide any allegations of an

2

ambiguity in the Policy, or why plaintiff is "in doubt about" his rights under the Policy, see Fla. Stat. § 86.021, or if there exists a present need for a declaration after coverage has been denied, Marco Island Cable, Inc. v. Comcast Cablevision of the S., Inc., 509 F. Supp. 2d 1158, 1163 (M.D. Fla. 2007) ("Where there is no longer a bona fide, actual, or present need for a declaration, a court lacks jurisdiction to grant relief under the Florida Declaratory Judgment Act. Santa Rosa County v. Admin. Comm'n, Div. of Admin. Hearings, 661 So. 2d 1190 (Fla. 1995)."). The motion to dismiss will be granted with leave to amend.

Under the Florida Declaratory Judgment Act, "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief." Fla. Stat. § 86.111. A plaintiff could recover damages under a breach of contract theory and obtain declaratory relief in the same case for "full, adequate and complete relief", although declaratory relief is discretionary. McIntosh v. Harbour Club Villas Condo. Ass'n, 468 So. 2d 1075, 1081 (Fla. 3d DCA 1985). Therefore the argument that plaintiff is precluded from bringing a declaratory claim together with a breach of contract claim is rejected.

  **B. Count II – Breach of Contract**

"An adequately pled breach of contract action requires three elements: (1) a valid contract; (2) a material breach; and (3) damages." Friedman v. New York Life Ins. Co., 985 So. 2d 56, 58

3

(Fla. 4th DCA 2008)(citations omitted). Although plaintiff alleges that the Policy is the contract at issue, the Complaint is otherwise devoid of any factual allegations as to what action defendant took to breach the Policy, or what damages plaintiff suffered as a result of a denial of coverage, or why denying coverage for the basis stated in the letter was a breach of the Policy. Therefore, the motion to dismiss will be granted with leave to amend.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. #10) is **GRANTED** and the Complaint for Declaratory Relief and Damages is **dismissed without prejudice** to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___29th___ day of April, 2014.

```
                              _____
                              JOHN E. STEELE
                              UNITED STATES DISTRICT JUDGE
```

Copies:
Counsel of record

4